## WILL WASHINGTON v. THE STATE.

### No. 468.   Decided February 23, 1910.

**1.—Rape—Evidence—Other Acts of Carnal Intercourse.**

Where, upon trial for rape, other acts of carnal intercourse were brought out by the defendant, there was no error.

**2.—Same—Bill of Exceptions—Practice on Appeal—Bystanders.**

Where, upon appeal from a conviction of rape, it appeared from the record that the court below refused the bill of exceptions tendered by the defendant, and prepared one himself, the Appellate Court must be controlled by the statement in the bill of exceptions prepared by the trial judge; although the defendant's bill of exceptions was supported by the affidavit of defendant's counsel. Where the defendant is not satisfied with the judge's bill of exceptions he must follow the statutes and prepare one with bystanders.

**3.—Same—Charge of Court—Requested Charges.**

Where the substance of the requested charges was contained in the general charge of the court, there was no error in refusing to submit them.

Appeal from the District Court of Smith.   Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of rape; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Wm. H. Hanson,* for appellant.—On question of other acts of carnal intercourse:  Stone v. State, 45 Texas Crim. Rep., 91, 73 S. W. Rep.,

956; Henard v. State, 47 Texas Crim. Rep., 168, 79 S. W. Rep., 810; Henderson v. State, 49 Texas Crim. Rep., 511, 93 S. W. Rep., 550; Skidmore v. State, 123 S. W. Rep., 1129; Schultz v. State, 49 Texas Crim. Rep., 351, 91 S. W. Rep., 786.

*John A. Mobley*, Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant has appealed from a conviction for rape. He was indicted and tried for committing rape upon one Maggie Jones, a female under the age of fifteen years, and his trial resulted in a conviction with a penalty of six years in the penitentiary.

1. In the trial of the case the appellant presented to the court a bill of exceptions, which is set out in the record and to which is attached the affidavit of W. H. Hanson as to the same being correct. This bill of exceptions is substantially as follows: On the trial of the above cause while the witness Maggie Jones was upon the witness stand she had testified in chief that the appellant, while she was on her way home, and at night, had carnal intercourse with her. On cross-examination she testified that she had not had carnal intercourse with one Ben Edmonds, who was then living with her parents, and upon redirect examination the State's attorney asked her the following question: "Did the defendant, Will Washington, ever have carnal intercourse with you at any other time than the one in the latter part of August, 1908?" To this question the defendant objected on the ground that it was irrelevant, immaterial; that it was a separate and distinct transaction from the one for which he is being tried and that to allow the witness to answer same would be to prejudice and inflame the minds of the jury against the appellant. The court overruled this objection and permitted the witness to answer: "He had carnal intercourse with me on three other occasions." The court disallowed this bill and we find in the record a bill of exceptions prepared by the judge and filed by him which is substantially as follows: That the prosecutrix, Maggie Jones, had testified upon direct examination that appellant had had carnal intercourse with her in the latter part of August, 1908, while on his way from appellant's to her father's house, and that this intercourse was had with her while standing and that she had a child born to her in March thereafter. In the cross-examination of the witness by appellant she was asked if one Ben Edmonds, a negro living with her father, had had intercourse with her, and then appellant asked the following question: "You say that nobody ever had anything to do with you before that?" referring to the occasion in the latter part of August, 1908, testified to by her. To this question the witness answered: "No, sir," and then when the district attorney took said witness on redirect examination he asked: "Maggie, Mr. Hanson asked you whether anyone had ever had anything to do with you before that night. What was your answer to that?" The appellant objected to this question on the ground that the question was

irrelevant and immaterial, and that it might elicit a transaction which was separate from the one for which appellant was being tried, and might prejudice the appellant before the jury. The court overruled the objection and permitted the witness to answer and she said: "Yes, sir, he, defendant, had had." To this answer the appellant also objected because it would bring into the case other transactions and would have a tendency to prejudice the appellant's case before the jury. This was overruled. The bill of exceptions prepared by the appellant can not be considered, though it is supported by the affidavit of counsel. Having not been prepared in accordance with the regulations prescribed for proving up a bill of exceptions by bystanders when refused by the court, we are not permitted to consider same and will have to take the bill of exceptions as prepared by the trial judge. Article 1368 of the Revised Civil Statutes provides that where the judge disagrees to the bill of exceptions presented by counsel he shall return the same with his refusal indorsed thereon, and shall make out and sign and file with the clerk such a bill of exceptions as will in his opinion present the ruling of the court in that behalf as it actually occurred. Article 1369 of the Revised Civil Statutes provides, that should the party be dissatisfied with the bill of exceptions filed by the judge, as provided in article 1368, he may, upon procuring the signatures of three respectable bystanders, citizens of this State, attesting the correctness of the bills of exception as presented by him, have the same filed as a part of the record of the cause. We take it that by the affidavit made by appellant's counsel, W. H. Hanson, in this case that he was dissatisfied with the bill as prepared by the trial judge, but to avail himself, the bill must be attested by the signatures of three respectable bystanders, citizens of the State, and in the absence of this attestation we can not consider the bill and must take the bill as signed by the judge as correctly presenting the matter as it occurred in the trial court. Now, from the bill as presented by the judge it seems that the appellant is somewhat responsible for the introduction of this testimony. To the inquiry of the appellant's counsel she had answered that nobody had ever had anything to do with her before that. Now, on redirect examination the State propounded to the witness the following question: "Maggie, Mr. Hanson asked you whether anyone had ever had anything to do with you before that night. What was your answer to that?" When the witness replied, "Yes, sir, the defendant had." This was the extent of the inquiry on the part of the State. We are inclined to think that by the course of the examination of the witness, the State was justified in asking the witness the question that State's counsel did. The witness had testified that she had given birth to a child in March following this intercourse in August. The appellant was making the contention that the child could not have resulted from this isolated act of intercourse, and was attempting to show as a reason for the birth of the child that one Ben Edmonds, who was living at her father's house was the real cause of her ruin, and when

the appellant was presenting the question to her and trying to show that she had other acts of intercourse, and the State simply asked her the question as to what her answer was to that question so propounded by the appellant, we can not see how the appellant was hurt thereby. If other acts of intercourse were proven on the trial, the same were brought out by the appellant and the State had a right to cross-examine upon same. We therefore hold that this exception is without merit.

2. The charge of the learned trial judge was ample, full and complete. The special charges requested by appellant were practically embodied in the main charge of the court. The court was very careful to safeguard, in his charge, all the rights of the appellant. The court specially directed the jury that they would have to find from the evidence beyond a reasonable doubt that the defendant did, during the. month of August, when the prosecuting witness was going from defendant's house to her father's, have carnal intercourse of the said Maggie Jones by actual penetration, and that they must find beyond a reasonable doubt that she was under the age of fifteen years and was not his wife; and further the court directed the jury that the defendant was being tried alone for this specific act which took place in going from defendant's house to her father's house at night in August; and further specially directed the jury that though they might find that there were other acts of carnal intercourse by defendant that they could not convict defendant for such other acts, though they might believe such testimony to be true and they were warned and instructed not to consider, mention or discuss such evidence, if any, that they found had been introduced of other acts of carnal intercourse in determining the punishment that they would assess against the defendant. Hence, we are of opinion the court's charge was ample, full and complete. The first special charge requested by the appellant was to the effect that unless the jury found that Maggie Jones was under the age of fifteen years, beyond a reasonable doubt, they would acquit. The court had already submitted the question of age to the jury and had told them that they must find prosecutrix was under the age of fifteen years, beyond a reasonable doubt. Appellant's second special charge requested was that they should not consider for any purpose the first three acts of sexual intercourse, and that they must believe beyond a reasonable doubt that the defendant committed said last act or they must acquit the defendant. The court in his charge had limited the jury to a consideration of the testimony of the last act which occurred at night going from the home of appellant to prosecutrix' home, and that they must find that appellant committed the act on that night or they would acquit. We are constrained to hold that appellant has had a fair and impartial trial; that there were no errors committed in the trial court of such a character as could have prejudiced the rights of appellant; and the judgment of the court below is in all things affirmed.

*Affirmed.*